IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LASHAWNDA D. WHITFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DENNIS E. PHILLIPS ) | C.A. No. 3:22cv 245 |
| ) | |
| and ) | |
| ) | |
| WALMART TRANSPORTATION, LLC, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

Defendants Dennis E. Phillips and Walmart Transportation, LLC ("Walmart," and collectively with Mr. Phillips, "Defendants"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file their Notice of Removal of this action to the United States District Court for the Eastern District of Virginia, Richmond Division. As discussed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship and because the Plaintiff, Lashawnda Whitfield ("Plaintiff"), seeks judgment in excess of $75,000, exclusive of interest and costs. In further support of this Removal, Defendants state as follows:

**INTRODUCTION**

1. Plaintiff instituted this action on March 16, 2022, by filing a Complaint in the Circuit Court for the City of Richmond seeking $1.2 million in compensatory damages. The state court action was assigned case number Case Number CL22-1064-6. A true copy of Plaintiff's Complaint is appended hereto as Exhibit 1.

2. Plaintiff alleges that on or about April 13, 2020, a truck belonging to Walmart and operated by Mr. Phillips collided with a Dodge Caravan owned by Plaintiff, and that Plaintiff was injured as a result of the collision. (Exh. 1, ¶¶ 1, 3.)

3. Plaintiff filed his Complaint naming both Walmart and Mr. Phillips as defendants.

4. To date, neither Walmart nor Mr. Phillips has been served with Plaintiff's summons and complaint.

## GROUNDS FOR REMOVAL

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

  A. **Removal is timely and the amount in controversy exceeds $75,000**

5. Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendants have not yet been served with legal process. As a result, the thirty-day window for removal under 28 U.S.C. § 1446 has not yet begun to run. Furthermore, the statute does not prohibit pre-service removal. *See Spigner v. Apple Hospitality Reit, Inc.*, No. 3:21cv758-DJN (E.D. Va. Mar. 1, 2022), slip op. at 9-11. (Attached as Appendix A.)

6. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

7. The Complaint states that Plaintiff "demands judgment against the Defendants . . . jointly and severally, in the sum of ONE MILLION TWO HUNDRED THOUSAND and NO/100 DOLLARS ($1,200,000.00), plus interest from April 13, 2020, pursuant to § 8.01-382 of the Code

of Virginia (1950), as amended, and costs." (Exh. 1, *ad damnum*.)  Accordingly, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

        B.      **There is complete diversity among and between the parties**

        8.      The Complaint does not allege the citizenship of any of the parties.

        9.      "Diversity jurisdiction is determined by the face of the complaint, not by which defendants have been served." *Wensil v. E. I. Du Pont de Nemours & Co.*, 792 F. Supp. 447, 448 (D.S.C. 1992), citing *Hunter Douglas, Inc. v. Sheet Metal Workers Int'l Ass'n Local 159*, 714 F.2d 342 (4th Cir. 1983).

        10.      Upon information and belief, Plaintiff is domiciled in the Commonwealth of Virginia and is, therefore, a Virginia citizen.

        11.      Under 28 U.S.C. § 1441(a), removal to a U.S. District Court is permitted if the plaintiff could have originally filed the lawsuit in federal court.  *See* 28 U.S.C. § 1441(a).

        12.      The statute also provides, however, that a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

        13.      At least one Court in this District, like other district courts within the Fourth Circuit and elsewhere, has held that the plain language of section 1441(b)(2) only invokes the "forum defendant rule" prohibiting removal if a non-diverse defendant has been "properly joined ***and served.***" (Appx. A at 6-9.)  As the Court held, Congress' inclusion of the phrase "properly joined and served" in section 1441(b)(2) expressly "condition[s] the rule's applicability on whether the defendant ha[s] yet been properly joined and served." (Id. at 8.)  Because the Court "must give

effect to Congress' choice" of words in the statute, "the forum defendant rule, by its plain language, does not preclude removal until a defendant has been properly served." (Id.)

14. The Court also held that interpreting section 1441(b)(2) literally according to its plain language does not lead to an absurd result. (Id. at 8-9.)

15. In its holding in *Spigner*, the Court joined the growing majority of federal courts nationwide that have recognized the ability of defendants in a civil action to remove the action to federal court even absent complete diversity of the parties when a non-diverse defendant has not been served. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 153 (3d Cir. 2018); *Wensil*, 792 F. Supp. at 448-449; *Doe v. Daversa Partners*, No. 20cv3759, 2021 U.S. Dist. LEXIS 35085, *7-*8 (D.D.C. Feb. 25, 2021); *Blankenship v. Napolitano*, No. 2:19cv236, 2019 U.S. Dist. LEXIS 118731, *9-*10 (S.D. W.Va. July 17, 2019); *Al-Ameri v. Johns Hopkins Hosp.*, No. GLR-15-1163, 2015 U.S. Dist. LEXIS 174300, *3-*4 (D. Md. June 24, 2015).

16. For purposes of diversity of citizenship, "a limited liability company is assigned the citizenship of its members." *General Tech. Applics. v. Exro LTDA*, 388 F.3d 114, 120 (4th Cir. 2004). As stated in Walmart's Rule 7.1 corporate disclosure, filed concurrently herewith, Walmart is wholly owned by Wal-Mart, Inc. ("WMI").

17. WMI is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas. WMI, therefore, is a citizenship of Delaware and of Arkansas. As WMI is Walmart's sole member, Walmart, too, is a citizen of Delaware and of Arkansas.

18. Accordingly, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity

between Plaintiff and Walmart, and removal is proper under 28 U.S.C. §§ 1332 and 1441(b) – even assuming *arguendo* that Walmart had been "properly joined and served."

19. Because there is complete diversity of citizenship between Plaintiff and Walmart, it is immaterial whether Mr. Phillips also is of diverse citizenship, as he has not been served. *See Spigner*, slip op. at 8-9; *see also Gibbons*, 919 F.3d at 706; *Encompass*, 902 F.3d at 153; *Wensil*, 792 F. Supp. at 448-449; *Daversa Partners*, 2021 U.S. Dist. LEXIS 35085, *7-*8; *Blankenship*, 2019 U.S. Dist. LEXIS 118731, *9-*10; *Al-Ameri*, 2015 U.S. Dist. LEXIS 174300, *3-*4.

20. Accordingly, removal to this Court is proper.

C. **Venue and other requirements are satisfied**

21. This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b).  Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embraces the Circuit Court for the City of Richmond, the forum in which the removed action was pending.  Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

22. The undersigned hereby certify that Defendants join in and consent to the removal of this action.

23. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon the Defendants in the original state court action as of this date are attached hereto as Exhibit 1.

24. Pursuant to 28 U.S.C. § 1446(d), the Defendants filed a written notice of removal with the Clerk of the Circuit Court for the City of Richmond, where this action was pending, a copy (without exhibits) of which is attached hereto as "Exhibit 2".  A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

25. By filing this Notice of Removal, defendants do not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

26. If any question arises regarding the propriety of the removal of this action, the Defendants respectfully request the opportunity to present a memorandum and oral argument in support of the position that this case is removable, and/or to conduct discovery related to the facts that support removal.

WHEREFORE, the Defendants respectfully remove this action to the United States District Court for the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

**WAL-MART TRANSPORTATION, LLC and DENNIS E. PHILLIPS**

By: _____C. Stephen Setliff_____
              Of Counsel

C. Stephen Setliff (VSB No. 27882)
Kevin T. Streit (VSB No. 45024)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone:    (804) 377-1260
Facsimile:     (804) 377-1280
Email: ssetliff@setlifflaw.com
Email: kstreit@setlifflaw.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of April, 2022, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys. To the extent the attorneys for the parties are no yet participating in the CM/ECF system, the foregoing document was duly served by mailing a copy to the following attorneys of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

>Gregory S. Hooe, Esq.
>Marks & Harrison, P.C.
>2618 S. Crater Road
>Petersburg, Virginia 23805
>ghooe@marksandharrison.com
>*Counsel for Plaintiff*

/s/ C. Stephen Setliff