IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DONTARIUS SPIGNER,
    Plaintiff,

v.                                         Civil No. 3:21cv758 (DJN)

APPLE HOSPITALITY REIT, INC., *et al.*,
    Defendants.

**<u>MEMORANDUM ORDER</u>**

Plaintiff Dontarius Spigner ("Plaintiff") filed this action in the Circuit Court for the City of Richmond against Defendants Apple Hospitality REIT, Inc. ("Apple"), Apple Seven SPE Richmond, Inc. ("Seven") and Marriott International, Inc. ("Marriott") (collectively, "Defendants") on October 27, 2021. (Compl. (ECF No. 1-3).) In his Complaint, Plaintiff seeks damages stemming from his allegation of personal injury caused by Defendants' failure to properly maintain pavers in the pool area of the Richmond Marriott hotel. (Compl. ¶ 1-2.) On December 8, 2021, Defendants removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Notice of Removal ("Notice") (ECF No. 1-1).)

This matter now comes before the Court on Plaintiff's Motion and Brief to Remand to State Court (the "Motion" (ECF No. 8)), which seeks to remand this case to the Circuit Court for the City of Richmond based on the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2). For the reasons set forth below, the Court DENIES Plaintiff's Motion to Remand.

**I.    BACKGROUND**

On or about November 1, 2019, Plaintiff, a resident of Florida, alleges that he tripped and fell over pavers in the pool area of the Richmond Marriott hotel, resulting in injury. (Compl.

¶¶ 1-2.) Plaintiff filed his Complaint in the Circuit Court for the City of Richmond on October 27, 2021, alleging negligence against all three Defendants and seeking $500,000 in damages. (Compl. at 1, 4.) On the basis of diversity jurisdiction under 28 U.S.C. § 1332, Apple and Seven, Virginia corporations, and Marriott, a Maryland corporation, together removed Plaintiff's claims to this Court on December 8, 2021, pursuant to 28 U.S.C. § 1441. (Notice ¶¶ 8-10.) Importantly, Defendants had not yet received service of process when they removed, having only obtained a courtesy copy of Plaintiff's Complaint. (Notice ¶ 3.)

Plaintiff filed his Motion and Brief to Remand to State Court on January 7, 2022. ("Pl.'s Mot." (ECF No. 8).) Plaintiff argues that the statuses of Defendants Apple and Seven as Virginia corporations preclude removal of his suit to this Court due to the forum defendant rule of 28 U.S.C. § 1441(b)(2). (Pl.'s Mot. at 2-3.) Plaintiff additionally characterizes any removal before service of process as premature and therefore improper. (Pl.'s Mot. at 6.)

Defendants filed their response in opposition on January 19, 2022. (Defs.' Opp'n to Pl.'s Mot. to Remand ("Defs.' Resp.") at 2 (ECF No. 9).) Defendants acknowledge that Plaintiff did not fraudulently join any defendant in this matter. (Defs.' Resp. at 3.) Instead, highlighting the approaches of other Circuit Courts of Appeals and the lack of consensus among the district courts within the Fourth Circuit, Defendants argue for a plain language reading of § 1441(b)(2), which would allow Defendants to circumvent the forum defendant rule via removal before service of process. (Defs.' Resp. at 2-3.) In addition, Defendants contend that Plaintiff has no basis for his allegation of premature removal, distinguishing between the "obligation" to remove and "permission" to remove. (Defs.' Resp. at 3-4.) Plaintiff filed his Reply on January 24, 2022 (Pl.'s Am. Reply to Defs.' Resp. to Pl.'s Mot. to Remand to State Court ("Pl.'s Reply") (ECF No. 11)), rendering this matter now ripe for review.

## II. STANDARD OF REVIEW

A defendant may remove a case to a federal district court under 28 U.S.C. § 1441(a) if the plaintiff could have originally brought the action in federal court. The party seeking removal therefore has the burden of establishing that the federal court has jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Under 28 U.S.C. § 1332, federal diversity jurisdiction exists for actions between citizens of different states where the amount in controversy exceeds $75,000. However, the "forum defendant rule," § 1441(b)(2), proscribes removal in certain circumstances, providing, in full:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Movants may challenge removal based on either a lack of subject matter jurisdiction or a procedural defect apart from jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196-97 (4th Cir. 2008). Most circuit courts have classified the forum defendant rule as procedural, not jurisdictional. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (noting eight of nine circuits have found the forum defendant rule procedural). The Court strictly construes any jurisdictional allegations in favor of remand. *Mulcahey*, 29 F.3d at 151.

## III. DISCUSSION

### A.  Snap Removal

The validity of the procedural maneuver at issue in this case, known as "snap removal," hinges on whether 28 U.S.C. § 1441(b)(2) permits a forum defendant to remove before they have received service of process. (Pl.'s Mot. at 4.) Here, the parties agree on much. They agree that this case does not involve fraudulent joinder. (Defs.' Resp. at 3; Pl.'s Reply at 2.) They also agree that absent this snap removal tactic, the forum defendant rule set out in § 1441(b)(2) would

3

not permit Defendants to remove to this Court based on Apple and Seven's uncontested statuses as Virginia corporations. (Pl.'s Mot. at 2; Defs.' Resp. at 2.) Finally, they agree that there exists neither binding Fourth Circuit precedent nor consensus among the District Courts of the Fourth Circuit on this issue. (Pl.'s Reply at 2; Defs.' Resp. at 2.) The dispute boils down to whether this Court should follow the plain meaning of § 1441(b)(2) and permit Defendants' removal to this Court before service of process. Defendants argue that it should, and Plaintiff argues that it should not.

### 1. The Parties' Arguments

Plaintiff argues that the drafters behind § 1441(b)(2) intended to guard against fraudulent joinder of forum defendants so that plaintiffs might prevent otherwise proper removal of their suits to federal court. (Pl.'s Mot. at 3.) Additionally, Plaintiff posits that removal generally serves the purpose of protecting out-of-state defendants from potential state court prejudice. (Pl.'s Mot. at 4.) Plaintiff concludes that he has not improperly joined any parties and that Defendants would not experience prejudice in state court, and so this Court should remand in accordance with the "spirit" of the forum defendant rule. (Pl.'s Mot. at 4-5.)

Plaintiff further contends that a literal interpretation of § 1441(b)(2) allowing snap removal would lead to an absurd result. (Pl.'s Mot. at 5-6.) Plaintiff relies extensively on *Campbell v. Hampton Roads Bankshares, Inc.*, 925 F. Supp. 2d 800, 809-10 (E.D. Va. 2013), in which the court determined that "permitting a forum defendant to appear and seek federal jurisdiction for an action through removal, whilst simultaneously asserting that it cannot be barred from removing because it has not been properly made party to the action . . . is patently absurd." Plaintiff contends that, like the *Campbell* court, this Court should give the word "served" in § 1441(b)(2) the alternative meaning of "actual notice and involvement in the case"

4

to avoid this absurd result. (Pl.'s Mot. at 5. (citing *Campbell*, 925 F. Supp. 2d at 810).) Defendants' receipt of a courtesy copy of Plaintiff's Complaint would then qualify as actual notice, making Defendants "properly joined and served" parties under § 1441(b)(2) and precluding removal. (Pl.'s Mot. at 5-6.)

Defendants' justification for their snap removal rests on the "clear and plain" language of § 1441(b)(2), namely that the forum defendant rule applies only to "properly joined and served" parties. (Defs.' Resp. at 2.) Because Plaintiff had not served them with process at the time they removed, Defendants argue that the forum defendant restriction did not yet take effect, making removal proper. (Defs.' Resp. at 2.)

According to Defendants, while the Fourth Circuit has not yet had occasion to weigh in on the propriety of snap removal, a consensus has formed among several other Circuit Courts of Appeals that have addressed snap removal between 2018 and 2020. (Defs.' Resp. at 2 (Second, Third and Fifth.) Defendants observe that this consensus has emerged after the court issued its *Campbell* decision, and that *Campbell* stands only as persuasive authority to this Court. (Defs.' Resp. at 2.) Because of this, Defendants argue that the plain meaning analysis employed by the Circuit Courts should prevail over the absurdity determination in *Campbell*. (Defs.' Resp. at 2.)

2. **Persuasive Authority**

The relevant caselaw essentially lays out two different paths to analyze snap removal issues. Both recognize that the plain meaning rule applies to this statutory analysis and conclude that strictly construing § 1441(b)(2) in this way would allow defendants to exercise snap removal. Both also recognize that, in rare exceptions where a plain language reading would contradict congressional intent or create an absurd result, courts may substitute an alternate meaning. These paths diverge in the application of these exceptions.

5

The first path rejects snap removal, as exemplified in *Campbell*. There, the district court concluded that "permitting a forum defendant to appear and seek federal jurisdiction for an action through removal, whilst simultaneously asserting that it cannot be barred from removing because it has not been properly made party to the action" results in an absurd outcome. 925 F. Supp. 2d at 809-10. The district court ended its inquiry there with no further analysis of plain meaning rule exceptions. *Id.* at 810. This finding of absurdity then allowed the court to depart from the plain meaning rule and provide a different meaning to the word "served" in § 1441(b)(2), specifically, "actual notice and involvement in the case." *Id.* Plaintiff urges the Court to adopt this analysis.

The second path, upheld by the Second, Third and Fifth Circuits in recent years, instead allows snap removal. This approach does not depart from the plain meaning of § 1441(b)(2), because neither absurd result nor contravention of congressional intent justifies departure. These courts find that snap removal does not rise to the level of absurdity, which requires that "[t]he result must be preposterous, one that no reasonable person could intend." *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n*, 955 F.3d 482, 486 (5th Cir. 2020) (internal quotation marks omitted); see also *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("a statute is not 'absurd' merely because it produces results that a court or litigant finds anomalous or perhaps unwise") and *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018) ("the outcome is not so outlandish as to constitute an absurd or bizarre result."). This sets a high bar, one that these Circuit Courts find unmet by mere "machinations" to circumvent a rule of procedure. *Encompass Ins. Co.*, 902 F.3d at 153-54. Moreover, the congressional intent exception does not apply. *See, e.g., Gibbons*, 919 F.3d at 706 ("Congress may well have adopted the 'properly joined and served' requirement in an attempt to both limit gamesmanship and

provide a bright-line rule keyed on service."). These Circuits therefore find that snap removal does not meet any exceptions to the plain meaning rule and consequently construe it literally, as Defendants wish this Court to do.

### 3. Interpretation of § 1441(b)(2)

In matters of statutory interpretation, the Fourth Circuit has adopted the judicial canon of the "plain meaning rule:" without some ambiguity present in the statute's language, "a court's analysis must end with the statute's plain language." *Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001) (citation omitted). Rare exceptions to the rule exist where its application would produce an outcome that either "is demonstrably at odds with clearly expressed congressional intent to the contrary" or "results in an outcome that can truly be characterized as absurd . . . shock[ing to] the general moral or common sense." *Id.* (citation omitted).

The Court begins by noting that the language of § 1441(b)(2) contains no ambiguity, and therefore the Fourth Circuit's plain meaning rule applies.[1] The text of the statute directs that "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2).

The Court finds significant Congress' inclusion of the phrase "properly joined and served" in this statute. In the context of discussing time limitations on removal, the Supreme Court has stated that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322, 1326 (1999). Had Congress intended to preclude *any*

---

[1] "Where the language is plain and admits of no more than one meaning, the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *Caminetti v. United States*, 242 U.S. 470, 485 (1917).

forum defendant from removing, it could have omitted the phrase "properly joined and served." However, by inclusion of this language, Congress conditioned the rule's applicability on whether the defendant had yet been properly joined and served. And this Court "must give effect to Congress' choice." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 354 (2013); *see also United States v. Menasche*, 348 U.S. 528, 538-39 (1955) ("It is our duty to give effect, if possible, to every clause and word of a statute.") (cleaned up). Thus, the forum defendant rule, by its plain language, does not preclude removal until a defendant has been properly served. Here, the Defendants removed before receiving service of process. Thus, upon initial analysis, the Court finds Defendants' removal proper.

Next the Court must determine whether one of the rare exceptions to the plain meaning rule applies; if so, the Court may depart from the plain meaning analysis to avoid an undesirable result. First, the parties agree that the forum defendant rule's drafters intended it to prevent fraudulent joinder. (Defs.' Resp. at 3; Pl.'s Mot. at 3-4.) Nothing suggests that Congress clearly intended to prohibit removal whenever a plaintiff names a forum defendant. Thus, the Court will not conduct an additional inquiry into congressional intent. The parties also agree that this case does not involve fraudulent joinder. (Defs.' Resp. at 3; Pl.'s Reply at 2.) Therefore, applying the plain meaning rule to § 1441(b)(2) would not produce an outcome "at odds with clearly expressed congressional intent." *Hillman*, 263 F.3d at 342. In other words, Defendants' removal would not infringe congressional intent, because no party alleges fraudulent joinder, nor any other way snap removal could run afoul of congressional intent.

Finally, because pre-service removal does not contravene congressional intent in this case, Plaintiff encounters much more difficulty in maintaining that absurdity "shock[ing to] . . . common sense" would result from applying the plain meaning of the statute. *Hillman*, 263 F.3d

at 342 (citation omitted). The approach of the Second, Third, and Fifth Circuits here persuades the Court. Allowing Defendants to circumvent a procedural rule created for a purpose unrelated to the circumstances of its case does not rise to absurdity, even if the Court found permitting them to do so "anomalous or perhaps unwise." *Gibbons*, 919 F.3d at 705. Further, the Court finds Plaintiff's reliance on *Campbell* less than apt here; in *Campbell*, all removing parties constituted forum defendants. 925 F. Supp. 2d at 810. In contrast, one of three defendants here, Marriott, is a non-forum defendant. In accordance with Plaintiff's assertion that removal "is intended to protect out-of-state defendants from possible prejudices in state court," it would not contravene common sense to allow Marriott to seek that protection.[2] (Pl.'s Mot. at 4 (quoting *Lively*, 456 F.3d at 940).) Even if snap removal derives from a "loophole" technicality, as Plaintiff argues, without sufficient cause to depart from the plain meaning rule, this Court must interpret § 1441(b)(2) on its bare terms. "Reasonable minds might conclude that the procedural result demonstrates a need for a change in the law; however, if such change is required, it is Congress — not the Judiciary — that must act." *Encompass Ins. Co.*, 902 F.3d at 154. The Court therefore finds snap removal proper under the plain language of § 1441(b)(2).

## B. Premature Removal

Beyond his statutory argument, Plaintiff also characterizes removal in this case as "premature," because Defendants had not received service of process at the time they filed their Notice of Removal. (Pl.'s Mot. at 6.) Plaintiff supports this assertion by citing *Murphy Bros, Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999), where the Supreme Court addressed when a plaintiff's statutory time to remove under 28 U.S.C. § 1446(b) began. (Pl.'s

---

[2] *Cf. Bloom v. Library Corp.*, 112 F. Supp. 3d 498, 506 (N.D.W. Va. 2015) (permitting snap removal in part due to the presence of a non-forum defendant).

9

Mot. at 6.) Plaintiff contends that *Murphy Bros.* stands for the proposition that without service of process, Defendants could not properly remove to federal court. (Pl.'s Mot. at 6.)

Defendants rebut Plaintiff's assertion that "premature" removal exists in this context. (Defs.' Resp. at 3.) They point out that *Murphy Bros.* concerned whether a removal occurred too late under § 1446(b) and whether informal receipt or actual service of process of the complaint triggered the clock to remove. (Defs.' Resp. at 3.) Defendants assert that *Murphy Bros.* does not apply to the instant case because it concerned not whether to permit removal before service, but rather at what point a defendant's obligation to remove began. (Defs.' Resp. at 3-4.)

The Court cannot discern whether Plaintiff asserts that Defendants could not remove because the state court had not yet obtained personal jurisdiction over them, or because they had not yet achieved official designation as parties before service of process. In either case, Plaintiff's reliance on *Murphy Bros.* remains misplaced. *Murphy Bros.* addressed the time frame in which a defendant "*must* appear and defend." 526 U.S. at 350 (emphasis added.) The Court focused on initiation of the thirty-day statutory time limit under § 1446(b), and did not speak to whether a defendant *could* begin to take actions such as removal to federal court before that time. Defendants correctly point out that they did not yet have an obligation to remove within the thirty-day time limit, and that *Murphy Bros.* says nothing about whether or not a court should permit them to do so in any time frame. (Def.'s Resp. at 3-4.)

Indeed, as the Fifth Circuit has held, "[g]enerally, service of process is not an absolute prerequisite to removal." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000). While the Fourth Circuit has not addressed the issue, district courts within this Circuit have allowed preservice removal. *See, e.g., Abraham v. Cracker Barrel Old Country Store, Inc.*, 2011 WL 1790168, at *4 (E.D. Va. May 9, 2011) ("[T]he Court finds that [defendant's] removal prior to

10

service complied with Section 1446(b)."); *Carroll v. AMEX Assurance Co.*, 2007 WL 9734346, at *3 (N.D.W. Va. Dec. 7, 2007) ("[T]his Court discerns no defect in [defendant's] removal procedure merely because [defendant] removed the case before being formally served with the complaint."). At bottom, a removal that occurs before service of process exists outside the scope of the time limitation in § 1446(b). Because nothing in the language of § 1446(b) or the relevant caselaw suggests the possibility of "premature" removal, Plaintiff's assertion does not have merit.

Because the Court has no cause to depart from the plain language of § 1441(b)(2), and because no standard exists to classify pre-service removal as premature, the Court considers Defendants' removal proper.

IV. **CONCLUSION**

For the reasons set forth above, the Court hereby DENIES Plaintiff's Motion to Remand.

Let the clerk file a copy of this Memorandum Order electronically and notify all counsel of record.

It is so ORDERED.

\_\_\_\_/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: March 1, 2022

11