```
              IN THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF VIRGINIA
                       Richmond Virginia
```

LAWSHANDA D. WHITFIELD

    Plaintiff,

v.                                          Civil Action No. 3:22cv245

DENNIS E. PHILLIPS,

WALMART TRANSPORTATION, LLC,

    Defendants,

v.

CHOICE TRANSPORTATION, INC.,

KASSA WOLDE GIORGIS,

    Third-Party Defendants.

## MEMORANDUM OPINION

This matter is before the Court on PLAINTIFF'S MOTION TO AMEND COMPLAINT TO JOIN PARTIES AND TO REMAND (ECF No. 12) ("the Motion"). For the reasons set forth below, the Motion will be denied.

## BACKGROUND

On April 13, 2020, Plaintiff LaShawnda D. Whitfield was driving northbound on Interstate 85 in the City of Petersburg, Virginia when her car hydroplaned, causing her to run off on the side of the road and to strike a guardrail. See Pl.'s Br. Supp. Mot. Am. Compl. Join Parties & Remand at 1 (ECF No. 13).

While inspecting the damage to her vehicle, another car operated by Third-Party Defendant Kassa W. Giorgis ("Giorgis"), who was in the course of employment with Third-Party Defendant Choice Transportation, Inc. ("Choice"), struck the rear of Whitfield's stationary vehicle. Giorgis's impact caused Whitfield's own vehicle to strike her. That same impact also pushed Whitfield's vehicle off the shoulder and into the lanes of moving traffic where Whitfield's vehicle was then struck by a tractor trailer owned by Defendant Walmart Transportation, LLC ("Walmart") and operated by Defendant Dennis E. Phillips ("Phillips"). Id.

On March 15, 2022, Whitfield filed and served a lawsuit against Giorgis and Choice in the Circuit Court of City of Petersburg seeking $1.2 million (the "Petersburg Suit"). That matter remains pending in the Petersburg Circuit Court.

On March 16, 2022,[1] Whitfield filed but did not serve a lawsuit against Walmart and Phillips in the of Richmond Circuit Court seeking $1.2 million (the "Richmond Suit"). Without being served, on April 15, 2022, Walmart and Phillips filed a Notice

---

[1] Note, in her briefing, Plaintiff says "she filed but did not serve a separate lawsuit on March 15, 2022 against Phillips and Walmart Transportation in the Circuit Court to of the City of Richmond seeking $1.2 million". ECF No. 13 at 2. The civil cover sheet, however, shows that the action as dated March 14 and filed on March 16. See ECF No. 1-3 at 3-4. Thus, March 16 will serve as the official filing date for timeline purposes.

2

of Removal to this Court based on diversity jurisdiction. See Notice of Removal (ECF No. 1). Whitfield is a Virginia resident and, Walmart and Phillips are citizens of other states. Defs.' Opp'n to Pl.'s Mot. at 2 (ECF No. 14). That same day, Phillips and Walmart Transportation filed an Answer in this Court. See Answer (ECF No. 4). On April 27, 2022, Walmart and Phillips filed a Third-Party Complaint against Giorgis and Choice. See ECF No. 13 at 2; Third-Party Compl. (ECF No. 5).

Whitfield now seeks leave to amend her complaint to join her claims in the Petersburg Suit involving Giorgis and Choice with the action pending before the Court against Walmart and Phillips. ECF No. 13 at 2. This amendment would result in remanding the action to state court because federal diversity jurisdiction would be destroyed.

## DISCUSSION

### I. The Applicable Legal Standard: 28 U.S.C. § 1447(e)

Federal courts maintain jurisdiction over cases arising under diversity of citizenship. 28 U.S.C. § 1332. Such jurisdiction requires complete diversity in that every plaintiff must be a citizen of a different state than every defendant. Id; see also Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)). However,

3

> When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e), which provides the district court with two options: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999) (quoting 28 U.S.C. § 1447(e)); Dean v. Walmart, 2021 WL 3008596, at *2 (E.D. Va. Jul. 15, 2021) ("The district court's analysis of § 1447(e) is discretionary, and involves two options: (1) granting the joinder and remanding the matter to state court, or (2) denying the joinder.").

Section 1447(e) relies on the district court's discretion to determine whether or not joiner should apply. Id. at 462. When deciding whether joinder and remand is appropriate, the court contemplates: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether the plaintiff has been dilatory in asking for amendment"; (3) "whether the plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." Mayes, 198 F.3d at 462 (citing Coley, 138 F.R.D. at 465).

To that end, the district court must "balance the equities in deciding whether the plaintiff should be permitted to join a

4

nondiverse defendant." Id. at 463. For example, the court must contemplate "the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources" as well as the "diverse defendant['s] . . . interest in keeping the action in federal court." Coley v. Dragon Ltd., 138 F.R.D. 460, 465 (E.D. Va. 1990) (citations omitted)). Further, "[c]areful scrutiny of attempts at post-removal, non-diverse joinder protects the diverse defendant's 'interest in keeping the action in federal court.'" Mayes, 198 F.3d at 463 (citing Coley, 138 F.R.D. at 465 (citations omitted)).

**Parties' Arguments**

First, Whitfield argues that she has a right to amend her complaint under Fed. R. Civ. P. 15(a)(1)(B), or alternatively, that justice requires that her leave to amend be granted per Fed. R. Civ. P. 15(a)(2). See ECF No. 13 at 4-6. Second, Whitfield seeks to join the parties under Fed. R. Civ. P. 20(a) because the Petersburg Suit and Richmond Suit arise from the same series of transactions or occurrences and rely on the same legal and factual issues, which should be resolved in the same case rather than as parallel actions. Id. at 7. Third, Whitfield avers that 28 U.S.C. § 1447(e) and recent decisions in the Eastern and Western Districts of Virginia necessitate joining

5

the nondiverse Defendants Giorgis and Choice and remanding the action to state court. Id. at 7-10.

Walmart and Phillips argue that Whitfield's motion should be denied because she cannot favorably satisfy the Mayes factors because she: (1) opted to file the two separate lawsuits in two separate courts within one day of each other despite being based upon the same set of facts; and (2) sought "to maximize her overall recovery at the expense of judicial efficiency." ECF No. 14 at 2.

**Analysis**

According to the United States Court of Appeals for the Fourth Circuit, 28 U.S.C. § 1447(e) instructs that "the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court". Mayes, 198 F.3d at 462. The Court "has the authority to reject a post-removal joinder that implicates [the statute], even if the joinder was without leave of court" pursuant to Fed. R. Civ. P. 15(a)(1). Id. at 462, n. 11. Further, this Court has opined that "§ 1447(e) permits courts to deny or permit joinder without reference to Rule 15(a)(1)(A) and therefore leaves open the question of whether the statue explicitly modifies Rule 15(a)(1)(A). . . . [A]ny potential conflict between Rule 15(a)(1)(A) and § 1447(e) makes no difference in the outcome, as a consideration of § 1447(e) and

6

the Mayes factors" will lead to whether or not an amendment is necessary. Tucker v. Massage Envy Franchising, LLC, __ F. Supp. 3d. __, 2022 WL 413955, at *2, n. 2 (E.D. Va. 2022). Accordingly, the Court finds that the Motion's fate must be decided under the Mayes factors and 28 U.S.C. § 1447(e), rather than the select Federal Rules of Civil Procedure that Whitfield proposes.

**(1) Extent to which the purpose of the amendment is to defeat federal jurisdiction.**

Whitfield seeks to amend her complaint in order to join two nondiverse Defendants, Giorgis and Choice, after removal. When "a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." Mayes, 198 F.3d at 463 (citing AIDS Counseling & Testing Ctrs. v. Group W TV, 903 F.2d 1000, 1003 (4th Cir. 1990) (noting that "plaintiffs had filed their motion to amend shortly after the case was removed to federal court and before they had undertaken any discovery" which supported the motion to deny joinder)); see also Gum, 5 F. Supp. 2d at 415 (same).

When contemplating whether an amendment is intended to defeat federal jurisdiction, the Court has held that nondiverse defendants may be added after removal when the plaintiff could

7

not have identified all the defendants without discovery. See Dobbs v. JBC of Norfolk, VA, Inc., 544 F. Supp. 2d 496, 499 (E.D. Va. 2008) (finding in favor of the first Mayes factor because plaintiff could not have identified all his assailants without filing then engaging in discovery); Dean v. Walmart, Inc., No. 3:20-cv-766, 2021 WL 3008596, at *1 (E.D. Va. Jul. 15, 2021) (plaintiff sought amendment after the initial suit filed in state court revealed via discovery an additional defendant); Beacon Roofing Supply, Inc. v. McLaughlin, No. 1:19-cv-01166, 2019 WL 8892574, at *3 (E.D. Va. Oct. 22, 2019) (same); see also Blankemeyer v. Fisher, No. 5:20-cv-00082, 2021 WL 76970, at *3 (W.D. Va. 2021) (same). The Court also has held that amendment is permissible when the plaintiff files two separate actions in the same state court and one is removed to federal court. See Tucker, 2022 WL 413955, at *2 (finding that the plaintiff sued both sets of defendants in separate actions in the same state court and continued to litigate the state case while the motion to amend and remand the removed case was pending in federal court).

The record demonstrates that Whitfield had sufficient information to file an action against all Defendants in the present matter. Whitfield filed the Petersburg Suit on March 15, 2022 and then, March 16, filed the Richmond Suit, which has been removed to this Court. The Complaints in both actions contain

8

the same language with the exception of the parties' names. <u>Compare</u> Walmart & Phillips Compl. (ECF No. 1-3) <u>with</u> Giorgis & Choice Compl. (ECF No. 12-1). Thus, the Court must contemplate why Whitfield chose to initially file two different lawsuits in two different state courts.

Whitfield chose to file a separate action in the Richmond Circuit Court against Walmart and Philips on March 16, thus creating the Richmond Suit. Bifurcated lawsuits are permissible under Va. Code § 8.01-443; however, it is also procedurally permissible under Va. Code § 8.01-263.2 to bring one action against all the defendants in any circuit court in which venue would have been permissible as to any of the defendants.[2]

Whitfield does not provide a clear rationale explaining why she filed the two different suits. First, in her MOTION, she states that she was "[u]nsure of whether Giorgis and Choice would seek to blame Phillips and Walmart Transportation for Plaintiff's injuries" and was concerned about "the looming

---

[2] Va. Code § 8.01-263.2 states: In actions involving multiple parties, venue shall not be subject to objection:

    1. If one or more of the parties is entitled to preferred venue, and such action is commenced in any such forum; provided that in any action where there are one or more residents and one or more nonresidents or parties unknown, venue shall be proper (preferred or permissible, as the case may be) as to at least one resident defendant;

    2. In all other cases, if the venue is proper as to any party.

9

statute of limitations running on April 13, 2022." ECF No. 13 at 2. This rationale indicates that Whitfield was aware multiple actions and defenses could arise from her present case if both were filed in state court. As Walmart and Phillips highlight, Whitfield appears to be aware that if she filed and then sought to consolidate the two actions in the same state court, all four Defendants would have inevitably filed crossclaims against each other, effectively limiting each Defendants' liability and potentially reducing Whitfield's recovery. Thus, Whitfield initially was willing to litigate in two separate state courts to maximize her recovery. Hence, Whitfield's filings create an inference that she thwarted judicial efficiency—and potentially sought two attempts at recovery from two different lawsuits—by filing the two separate suits in distinct state courts.

Next, Whitfield quotes the <u>Mayes</u> factors as applied in <u>Tucker v. Massage Envy</u>, but does not expand on how the factors apply to this case. Whitfield merely concludes that, because she previously "sued Giorgis and Choice Transportation in the Petersburg Suit . . ., those defendants clearly have actual and timely notice of Plaintiff's claims against them," and aims to avoid unnecessary costs and risks through consolidation. ECF No. 13 at 9. Whitfield also attempts to rely on <u>Blankmeyer v. Fisher</u>, a case distinguishable from her own because, unlike the

10

plaintiff in <u>Blankemeyer</u>, Whitfield was aware of all parties to her cause of action at the time she filed both state actions.

Finally, in response to the charge that Whitfield sought two avenues for recovery by filing these separate lawsuits in different state courts, Whitfield replies with another unfulfilling explanation evoking the <u>Mayes</u> factors:

> Plaintiff intended on pursuing her claims against Giorgis and Choice first; only if Giorgis or Choice contend that [Walmart and Phillips] were responsible for the collision. Then Plaintiff would pursue her claims against [Walmart and Phillips] also.
>
> \*\*\*
>
> Plaintiff's reason for not immediately pursuing her claims against [Walmart and Phillips] was that it would be easier and cheaper to solely seek recompense from Giorgis and Choice. But in order to preserve the option to pursue [Walmart and Phillips], if needed, Plaintiff was required to file suit against [Walmart and Phillips] given that the statute of limitations was going to expire in April 2022.

Pl.'s Reply Br. at 5 (ECF No. 16).

Whitfield correctly advises that she is "well within her rights to file two separate lawsuits." <u>Id.</u> (citing Va. Code 801.443). Like the plaintiffs in <u>Tucker</u>, Whitfield sought preserve her right to litigate against additional defendants by filing before the statute of limitations expired. Whitfield's rationale neglects to explain, however, why she chose to file against Walmart and Phillis in Richmond Circuit Court rather

11

than Petersburg Circuit Court, where she had previously filed against Giorgis and Choice. True, Whitfield need not procedurally do so under Virginia law, but this inconsistency calls into question what Whitfield's actual motives were when commencing two separate actions arising from a common set of facts and legal questions in two distinct state courts.

Whitfield indicates that she would have consolidated the two state court actions but for Walmart and Phillis's removal to federal court after learning of the filing. ECF No. 1 at 5. However, as Walmart and Phillips indicate, "consolidation in state court would have necessitated either moving to transfer one case to the opposite court, or voluntarily dismissing one of the actions and either re-filing it in the opposite court, or moving in the other lawsuit to join the additional defendants." ECF No. 14 at 10. Walmart and Phillips also note that, if they had not removed the present case to federal court, they could have filed a responsive pleading in Richmond Circuit Court, prompting discovery and forcing Whitfield to begin litigation. Id. at 9. Notwithstanding the approach, combining the Richmond Suit and Petersburg Suit in state court would have required Whitfield to complete several procedural hurdles, hindering efficient adjudication and escalating the costs of litigation in the process. Id.

Accordingly, Whitfield's decision to separately file two different actions in state court shows that she has been attempting to avoid trying the same claims against both sets of Defendants for the purpose of attempting to maximize her recovery. Now, Whitfield gives the appearance of seeking to circumvent federal court through joinder and remand for a more favorable forum: state court. Moreover, Whitfield could have avoided the risk of parallel lawsuits altogether by filing against all four Defendants at once in state court—or at least by filing in the same court against the two sets of Defendants. Therefore, this factor militates against granting the Motion.

**(2) Whether the plaintiff has been dilatory in asking for amendment.**

Walmart and Phillips filed their petition for removal on April 15, 2022. ECF No. 1. Whitfield filed the Motion on May 2, 2022. ECF No. 12. Therefore, Whitfield was not dilatory in moving for the amendment because she filed within thirty days of removal. Walmart and Phillips do not argue otherwise. This factor supports granting the Motion.

**(3) Whether the plaintiff will be significantly injured if amendment is not allowed.**

Next, the Court considers whether Whitfield would be significantly injured by denying the Motion. In Tucker, the Court determined that this factor weighed in favor of the motion to amend because "all parties with an interest [could] be

13

brought into the same suit and avoid the costs of litigating two cases in tandem and the risks of inconsistent judgements." 2022 WL 413955, at *3.

True, Whitfield will likely suffer serious injury if the amendment is denied because she would be subject to "the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources." Mayes, 198 F.3d at 463. She would also likely incur significant costs in conducting concurrent litigation. Yet, this injury is self-inflicted by Whitfield's own gamesmanship as described above. Whitfield had the opportunity to file her lawsuits in the same state court, which would have given the Court greater confidence that she was merely seeking to preserve her right to sue Walmart and Philips, rather than maximize her chances of recovery while wasting judicial resources. In fact, the separate filings indicate that Whitfield was prepared to engage in two distinct lawsuits, with various "rules, procedures, and timelines" that she now fears; thus, consideration of the costs seems less applicable when contemplating her apparent willingness to engage in two lawsuits at the state level compared to parallel state and federal lawsuits. ECF No. 16 at 9.

When considering this factor, the Court must also consider Walmart and Phillips's interests. See Mayes, 98 F.3d at 465

14

("Careful scrutiny of attempts at post-removal, non-diverse joinder protects the diverse defendant's 'interest in keeping the action in federal court.'") (quoting Coley, 138 F.R.D. at 465). Whitfield notes that Walmart and Phillips have instituted a third-party action in this case against Giorgis and Choice. ECF No. 13 at 11. Walmart and Phillips summarize this third-party claim as follows:

> [W]hile [Walmart and Phillips] deny any and all liability to Plaintiff, they allege that if they are ultimately held liable to Plaintiff, then Mr. Giorgis and Choice have a duty to indemnify them for the full amount of any such judgment, due to Mr. Giorgis' and Choice's active negligence versus [Walmart and Phillips's] merely passive negligence (if any).

ECF No. 14 at 15. (citing ECF No. 5, ¶¶ 25-30). Alternatively, Walmart and Phillips argue "that because of Mr. Giorgis' active negligence in causing the subject collision, he and Choice bear a duty to contribute equitably toward payment of any judgment Plaintiff might win against the [Walmart and Phillips]." Id. (citing ECF No. 5, ¶¶ 31-33). Accordingly, Walmart and Phillips will need to prove Giorgis's negligence and that is the "same proof Plaintiff must make in the Petersburg action, and if Mr. Giorgis and Choice were joined in this lawsuit it is the same proof Plaintiff would have to make against them here." Id. at 15-16 (citing ECF No. 1-3, ¶¶ 1-4). If proven, Giorgis and

Choice would be collaterally estopped regarding negligence in future actions by Whitfield.

The Court agrees that, "if this action proceeds with Mr. Giorgis and Choice joined only as third-party defendants, [Walmart and Phillips] are poised to do the 'heavy lifting' for Plaintiff by proving for her that Mr. Giorgis breached a common-law duty and thereby caused the collision, and that Choice should be held vicariously liable for Mr. Giorgis' breach of duty." Id. at 16. Whitfield contends that she is "not comfortable" with relying on her adversaries "to assist her in obtaining a fair recovery", yet Walmart and Phillis have every incentive to prove Giorgis and Choice's negligence in order to limit their own liability. ECF No. 16 at 9. Relying on collateral estoppel, Whitfield would then be able to bring an action against Giorgis and Choice to collect from them directly.

Thus, on the surface, this factor appears to favor granting the Motion, but when, considered against the backdrop of Whitfield's stratagem, the factor appears less favorable.

**(4) Any other factors bearing on the equities.**

Finally, the Court must consider "any other factors bearing on the equities." Mayes, 198 F.3d at 462. In Tucker, the Court found that this factor favored amendment because the joinder and remand would alleviate the "burden of maintaining separate actions in state and federal court" and preserve judicial

16

resources for the sake of efficient adjudication. 2022 WL 413955, at *3.

This case is distinguishable from Tucker. Whitfield curiously filed the two lawsuits in different state courts, permitting a finding that, in so doing, she sought to avoid consolidation and to maximize her recovery through potentially two separate judgments or settlements from each set of Defendants. Had she initially filed on lawsuit against all the Defendants or at least brought the two actions in the same state court, then Whitfield would have a similar case to Tucker. Now, Whitfield appears to be engaged in forum shopping by seeking to avoid federal jurisdiction.

## CONCLUSION

For the foregoing reasons, the PLAINTIFF'S MOTION TO AMEND COMPLAINT TO JOIN PARTIES AND TO REMAND (ECF No. 12) will be denied.

It is so ORDERED.

/s/ *REP*

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July _/_, 2022

17